**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4561**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFETH DONALDSON-PINILLA,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Sol Blatt, Jr., Senior District
Judge.  (2:03-cr-00744-SB)

―――――――――

Submitted:  December 3, 2007        Decided:  September 9, 2008

―――――――――

Before TRAXLER, KING, and SHEDD, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Robert Hayden Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jeffeth Donaldson-Pinilla was convicted of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963 (2000), importation or aiding and abetting others in the importation of 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(2) (2000) and 18 U.S.C. § 2 (2000), conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000), and attempting to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2007). The district court imposed a 320-month variance sentence, four months below the advisory guideline range. Donaldson-Pinilla timely appealed.

Donaldson-Pinilla's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying his motion to suppress the statement he made before being administered the Miranda[*] warnings, permitting the Government to introduce evidence of Donaldson-Pinilla's prior bad acts, attempts to hide evidence and create an alibi, and his illegal alien status, and denying his motion for a judgment of acquittal. Counsel also questions whether the downward variance sentence was reasonable. Counsel states,

[*]Miranda v. Arizona, 384 U.S. 436 (1966).

2

however, that he has found no meritorious grounds for appeal. Donaldson-Pinilla was advised of his right to file a pro se supplemental brief, but he did not file one. For the reasons that follow, we affirm Donaldson-Pinilla's convictions and sentence.

Turning first to the denial of the motion to suppress, Donaldson-Pinilla was stopped on the Port of Charleston, specifically the Wando Welch terminal in Mt. Pleasant, South Carolina, while police were conducting surveillance of drug trafficking activity. Because he was slow in responding to the officer's commands to exit the vehicle and repeatedly tried to reach back into the vehicle, the officer placed him on the ground and handcuffed him for the officer's safety. In response to the officer's questions, Donaldson-Pinilla identified himself by an alias and stated that he was on the port with Ben Parker, an individual believed by the investigators to be involved in drug trafficking.

Donaldson-Pinilla sought to suppress this statement on the ground that the officer failed to administer the Miranda warnings before questioning him. Miranda warnings are required when an individual is subjected to custodial interrogation. United States v. Leshuk, 65 F.3d 1105, 1108 (4th Cir. 1995). However, "drawing weapons, handcuffing a suspect, placing a suspect in a patrol car for questioning, or using or threatening to use force does not necessarily elevate a lawful stop into a custodial arrest

3

for Miranda purposes." Id. at 1109-10 (citations omitted). Although he does not dispute that there was reasonable suspicion to conduct a brief investigatory stop, see Terry v. Ohio, 392 U.S. 1, 30 (1968) (permitting brief, investigatory stop when officer has "reasonable, articulable suspicion that criminal activity is afoot"), Donaldson-Pinilla argues that the restrictions placed on him transformed his detention from a Terry stop to a full custodial arrest. We find that these restrictions lasted only long enough to verify the officer's suspicions that Donaldson-Pinilla was engaged in illegal activity and therefore did not elevate the Terry stop into an arrest. Consequently, the Miranda warnings were not required. Accordingly, the district court did not err by denying Donaldson-Pinilla's motion to suppress.

Next, Donaldson-Pinilla contends that the district court erred by admitting evidence of his prior bad acts, as well as his efforts to hide evidence and create an alibi for his presence on the port. We find that the evidence of his prior bad acts was admissible under Rule 404(b) of the Federal Rules of Evidence. See United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004) (discussing standard for admissibility of Rule 404(b) evidence). In addition, we conclude that evidence that Donaldson-Pinilla tried to obstruct justice by attempting to hide evidence and create an alibi defense was admissible as intrinsic evidence of the crimes charged. United States v. Higgs, 353 F.3d 281, 311 (4th Cir.

4

2003); United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Moreover, assuming arguendo that the district court erred by admitting evidence of Donaldson-Pinilla's illegal alien status, we find any error harmless because, in light of the overwhelming evidence against Donaldson-Pinilla, the jury was not substantially swayed by the fact that he was in the country illegally. See United States v. Ince, 21 F.3d 576, 583 (4th Cir. 1994) (discussing standard for determining whether nonconstitutional error was harmless).

Counsel also questions whether the district court erred by denying Donaldson-Pinilla's motions for a judgment of acquittal. Where, as here, the motions were based on claims of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 187 (2006). We have reviewed the record and find that substantial evidence supported Donaldson-Pinilla's convictions on each count.

Finally, Donaldson-Pinilla challenges the reasonableness of his sentence. After United States v. Booker, 543 U.S. 220 (2005), district courts are no longer bound by the range prescribed by the sentencing guidelines. When sentencing a defendant, a district court must: (1) properly calculate the guideline range;

5

(2) determine whether a sentence within that range serves the factors set out in § 3553(a); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The Guidelines are "the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Next, the court should give the parties the opportunity to argue for whatever sentence they deem appropriate. The court is then instructed to consider the § 3553(a) factors in light of the defendant's request to impose a specific sentence. Id. Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall, 128 S. Ct. at 597-98; Pauley, 511 F.3d at 473-74.

Having thoroughly reviewed Donaldson-Pinilla's sentence, we find that the district court properly calculated his guideline range and acted reasonably in imposing the downward variance sentence. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Donaldson-Pinilla's convictions and sentence.

This court requires that counsel inform Donaldson-Pinilla, in writing, of the right to petition the Supreme Court of the United States for further review. If Donaldson-Pinilla requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court

6

for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Donaldson-Pinilla.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED